UNITED STATES of America,

v.

Santos Garcia RODRIGUEZ, Appellant.

No. 02–2923.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Dec. 1, 2003.

Decided Dec. 2, 2003.

Albert S. Glenn, Office of United States
Attorney, Philadelphia, PA, for Appellee.

Before SLOVITER, ALITO and
FRIEDMAN,* Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

Santos Garcia Rodriguez, the appellant, was charged with three drug offenses in a three count indictment. He pled guilty to Count 1 (conspiracy to distribute more than 100 grams of heroin) and Count 3 (possession of more than 100 grams of heroin with intent to distribute in a school zone). He was sentenced to 60 months imprisonment, a fine of $500, a special assessment of $200, and 8 years of supervised release. On appeal, he does not deny his guilt, does not raise any issue concerning the manner in which the evidence was obtained, and does not object to the manner in which he was sentenced. His appeal is limited to a challenge to the failure of the Government to move for a downward departure under § 5K1.1 of the Sentencing Guidelines based on information that he provided.

Counsel has provided a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that in counsel's opinion there are no issues of arguable merit which can be advanced on behalf of Rodriguez. We agree and will affirm the judgment of conviction and sentence. Under *Anders*, the defendant is free to file a *pro se* brief. Al-

---

* Hon. Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

though he was notified of that opportunity, Rodriguez has not filed a *pro se* brief on appeal.

Under *Anders,* an appointed appellate counsel who "finds [a] case to be wholly frivolous, after a conscientious examination of it," must so advise the court of appeals and request permission to withdraw. *Id.* at 744, 87 S.Ct. 1396. Counsel must file a brief referring to anything in the record that might arguably support the appeal. As explained subsequently by the Supreme Court in *Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), the brief must identify any "issue arguably supporting the appeal even though the appeal was wholly frivolous." *Id.* at 285, 120 S.Ct. 746. This court has made clear that counsel must explain why the issues are frivolous and show that counsel "thoroughly scoured the record in search of appealable issues." *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000); *see United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001).

Under the circumstances of this case, counsel for Rodriguez could not reasonably have challenged his guilt. Rodriguez participated in a transaction of selling, to a Government confidential source, a total of 149.3 grams of heroin. Because Rodriguez pled guilty, he has waived, *inter alia,* his constitutional privilege against self-incrimination, the right to a trial by jury, and the right to confront his accusers. Counsel discusses the one possible ground that Rodriguez may arguably claim, the Government's failure to file a § 5K1.1 motion which would have reduced Rodriguez's 60–month mandatory sentence under the applicable statute. Counsel, however, recognized that such an approach would be unsuccessful because the written plea agreement between Rodriguez and the United States did not contain any provision concerning cooperation or any Government obligation concerning information Rodriguez provided. Rodriguez did provide some information to the Government, but the Assistant U.S. Attorney advised the court that Rodriguez had not offered information which was of "substantial" benefit. The Government has the authority, but not the duty, to file a motion requesting the sentencing court to impose a sentence below the statutory minimum to reflect a defendant's "substantial assistance." 18 U.S.C. § 3553(e). As the Supreme Court has held, a court can review the Government's discretionary decision not to file a § 5K1.1 motion if that decision was based on an unconstitutional motive. *See Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). There is no suggestion in the record that there was any such unconstitutional motive for the Government's decision not to file a motion under § 5K1.1.

Accordingly, counsel was correct in determining that there were no nonfrivolous issues to raise on appeal. We are satisfied that counsel has complied with the responsibilities placed upon him under *Anders.* We will therefore affirm the conviction and sentence, and we will grant counsel's motion to withdraw.